# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                          4:18-CR-00255-01-SWW

JUSTIN LYNN

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 49) is DENIED.

## I. BACKGROUND

On January 31, 2019 Defendant pled guilty to felon in possession of a firearm.[1] In June 2019, he was sentenced to 120 months in prison.[2]

## II. DISCUSSION

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment under certain conditions. Although the First Step Act made the procedural hurdles for compassionate release a bit less

---

[1] Doc. Nos. 40, 41.

[2] Doc. Nos. 45, 46.

1

strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Defendant asserts that he should be released to home confinement because the BOP has taken no steps to reduce the risk of infecting COVID-19. The Court finds that Defendant has failed to allege facts showing that relief is warranted in his case. First, although the First Step Act does not define the phase "extraordinary and compelling reasons," it defers to the United States Sentencing Guidelines, which does set out examples.[1] Disagreement with BOP regulations regarding protecting inmates from the spread of COVID-19 is not listed. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[2]

---

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[1] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." § 1B1.13 cmt. n.1(C).

[2] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020)

Third, Defendant is 32 years old and has served about 20% of his sentence, which means he does not meet the age and minimum served-time requirement under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors--specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Since age 18, Defendant has had six convictions, which include burglary, robbery, sexual assault, battery, and failure to register as a sex offender.  Regarding the instant offense, Defendant was selling methamphetamine from his home for the previous two years.  During a search of the home, officers recovered methamphetamine, pills, digital scales, syringes, eleven marijuana plants, and three guns.

## CONCLUSION

For the reasons set out above, Defendant's Motion for Compassionate Release (Doc. No. 49) is DENIED.

IT IS SO ORDERED, this 7th  day of July, 2020.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE